UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DWIGHT McINTYRE,

Plaintiff,

v.

NAPHCARE, INC., et al.,

Defendants.

Case No. 2:16-cv-02107-JCM-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Req. Waive Service – ECF No. 17)

This matter is before the court on Plaintiff Dwight McIntyre's failure to serve the defendants and Request for Waiver of Service (ECF No. 17). This Request is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**BACKGROUND**

Mr. McIntyre is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center. He is proceeding in this action *pro se* and *in forma pauperis* ("IFP"). This case arises from McIntyre's allegations, pursuant to 42 U.S.C. § 1983, that defendants violated his civil rights. Mr. McIntyre commenced this action on September 6, 2016, by filing an IFP Application (ECF No. 1) and proposed complaint. Upon review of the complaint, the court determined that it stated one plausible claim for deliberate indifference to serious medical need in violation of the Eighth Amendment against defendants Drs. Frank Ryan, Brian Poirier, and Ted Hanf. Screening Order (ECF No. 4); Complaint (ECF No. 5).

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. Aug. 24, 2017 Order (ECF No. 6). The court directed electronic service of the complaint on the Nevada Office of the Attorney General ("Attorney General") and instructed that the Attorney General advise the court whether it would enter a limited notice of appearance of

1

behalf of the defendants for the purpose of settlement. *Id*. The Attorney General notified the court and Mr. McIntyre that no current employees of NDOC were named as defendants and the Attorney General was not authorized to enter a limited notice of appearance in this matter. Sept. 12, 2017 Notice (ECF No. 7).

In light of the Attorney General's notice, the court ordered the Attorney General to send letters to Drs. Ryan, Poirier, and Hanf at their last known addresses informing them that they are defendants in this lawsuit and asking whether the doctors wanted the Attorney General to represent them in this case. Sept. 26, 2018 Order (ECF No. 8). The court further ordered the Attorney General to file an updated notice informing the court whether it will be entering a limited notice of appearance on behalf of the doctors for the purpose of settlement based on any response to the letters. *Id*. If no limited appearance would be made, the court stated it would (1) remove this case from the early inmate mediation program, (2) rule on the IFP application, and (3) begin the service process with the U.S. Marshal Service ("USM"). *Id*.

On September 27, 2017, the Attorney General informed the court that it sent a letter regarding this lawsuit to Dr. Hanf, a former NDOC medical provider, at his last known address. Notice (ECF No. 9). The correspondence was returned to the Attorney General "not deliverable as addressed, unable to forward." *Id*. Counsel also advised the court he had contacted NDOC staff regarding Drs. Ryan or Poirier and was informed that neither of the doctors had a current or former employment relationship with NDOC. *Id*. Thus, the Attorney General did not have last known contact information for Drs. Ryan or Poirier. *Id*.

On October 17, 2017, the court entered an Order (ECF No. 10) ("Service Order") removing this case from the inmate mediation program and returning the case to the normal litigation track. As such, the court ordered that "*service must be perfected within ninety (90) days from the date of this order* pursuant to Fed. R. Civ. P. 4(m)." *Id*. at 2:6–7 (emphasis added).[1] Summons were issued for Defendants Ryan, Poirier, and Hanf and delivered to the USM for service. The Clerk of Court was instructed to send Mr. McIntyre three USM-285 forms. McIntyre was ordered to mail the USM the required USM-285 forms with the relevant information as to each defendant on

---

[1] Based on the October 17th entry date, January 16, 2018, was the service deadline.

2

each form. Within 20 days after receiving the process receipt and return portion of the USM-285 forms from the USM showing whether service has been accomplished, McIntyre was ordered to file a notice with the court identifying which defendant(s) were served and which were not served, if any. Mr. McIntyre was specifically ordered, if any service attempt was unsuccessful and he "wishes to have service again attempted on an unserved Defendant(s), *then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.*" *Id.* at 2:17–20 (emphasis added). Lastly, the Service Order instructed the Attorney General to file under seal "the last known address(es) of those Defendant(s) for whom it has such information." *Id.* at 2:22–23.

On October 23, 2017, the Attorney General filed under seal the last known address for Dr. Hanf. Sealed Notice (ECF No. 12). The Attorney General provided notice to Mr. McIntyre of the sealed submission and further informed him that it had no information to submit concerning the last known addresses of Drs. Frank Ryan or Brian Poirier. Notice (ECF No. 13).

After the Service Order was entered, this case stayed dormant for 111 days. Because Mr. McIntyre did not timely file proof of service, the clerk's office issued a standard notice of intent to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure on February 6, 2018.[2] Notice (ECF No. 14) ("4(m) Notice"). The 4(m) Notice stated that the case may be dismissed without prejudice as to defendants Ryan, Poirier, and Hanf unless proof of service was filed with the clerk by March 8, 2018. The 4(m) Notice further informed McIntyre that service must have taken place prior to the expiration of the 90-day time limit, or good cause must be shown as to why such service was not made in that period. Mr. McIntyre was warned: "Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties." *Id.*

Mr. McIntyre filed a Response (ECF No. 15) to the 4(m) Notice on February 14, 2018, stating that he had incorrectly mailed the USM-285 forms to the court in November 2017 "with the requested information to serve all named defendants," rather than the USM. Thus, he would send the USM the USM-285 forms to serve all named defendants.

---

[2] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

On March 16, 2018, summons were returned unexecuted for Dr. Hanf. ECF No. 16. Using the last known address the Attorney General submitted under seal for Dr. Hanf, the USM was unable to complete service of process. Notice of the summons returned unexecuted was served on Mr. McIntyre at the Southern Desert Correctional Center via the U.S. Postal Service.

Thereafter, this case went dormant for nearly seven more months. On October 15, 2108, McIntyre filed a Request for Waiver of Service (ECF No. 17). Mr. McIntyre states that he has been unable to complete service of the named defendants through the USM because of the confidentiality of the defendants' residence or place of work. He states he has completed a "summons and service to Napecare's (sic) counsel of records, who has received and returned 'certified mail'," and he attaches a certified mail receipt to Alverson Taylor Mortensen and Sanders. McIntyre requests unspecified "assistance from this Court" or "notice of waiver of service."

## DISCUSSION

### I. LEGAL STANDARDS

Although pro se parties are generally held to less stringent standards, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). It is a plaintiff's responsibility to move the case toward disposition on the merits, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), and a pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants are bound by the rules of procedure").

Rule 4 governs service of process. "Service of process" is a formal delivery of documents that is legally sufficient give a defendant notice of a pending action. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)); Charles A. Wright & Arthur R. Miller, 4A *Federal Practice & Procedure*, *Civil* § 1094 (4th ed. 2015) (noting that the purpose of service is to give a defendant notice of the proceedings). Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d

4

967, 974–75 (9th Cir. 2013). Thus, strict compliance with the rules governing manner of service is required. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

Rule 4 states that a defendant must be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant. *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id.* "'Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se'." *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1011 (D. Haw. 2013) (quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)). A court has "broad discretion" to extend the time for service under Rule 4(m). *See Efaw*, 473 F.3d at 1040–41; *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004). A district court also has inherent power to dismiss an action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); Fed. R. Civ. P. 41(b).

Rule 4 sets out the acceptable methods for effecting service on different types of parties or the applicable provisions of state law. *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1165 (N.D. Cal. 2013). For an individual defendant, Rule 4 requires a plaintiff to serve the summons and complaint on by one of three methods:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Nevada law requires the same. *See* Nev. R. Civ. P. 4(d)(6).

In cases involving an incarcerated pro se plaintiff proceeding IFP, the USM shall serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). An incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint

5

and "should not be penalized by having his action dismissed for failure to effect service" if the USM or the court clerk fail to perform their duties. *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the USM with the information necessary to identify each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for an extension of the service deadline. *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). Thus, although an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint, that reliance is only proper when he has provided the USM with accurate and adequate information to complete service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

To obtain the information required to serve a defendant, a plaintiff may use whatever resources and means are available to him, including but not limited to: (1) contacting persons who a plaintiff believes were witnesses to the alleged incident that forms the basis the action; (2) contacting a party's counsel or previous counsel; (3) obtaining from the appropriate source(s) copies of jail records concerning the alleged incident, such as any records of a plaintiff's administrative grievance or medical records; and/or (4) utilizing the subpoena procedure authorized by Rule 45.

**II.     ANALYSIS**

In this case, Mr. McIntyre has not completed service of the summons and complaint to defendants Ryan, Poirier, or Hanf as required by Rule 4(m) and the Service Order (ECF No. 10). The Service Order explained that Rule 4(m) required completion of service "within ninety (90) days from the date of this order." McIntyre failed to complete service within 90 days or seek an extension of time in which to do so. The court ordered McIntyre to file a notice identifying which defendant(s) were served and which were not served, if any. At no time in the last year did McIntyre file a notice informing the court that Drs. Ryan, Poirier, and Hanf were not served or ask the court to approve another manner of service. The court specifically ordered Mr. McIntyre, if any service attempt was unsuccessful and he "wishes to have service again attempted on an

unserved Defendant(s), *then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.*" Service Order at 2:17–20 (emphasis added). McIntyre never filed a motion as instructed by the Service Order.

Mr. McIntyre's response to the 4(m) Notice does not show good cause why service has not been completed in this case. The 4(m) Notice (ECF No. 14) explicitly warned McIntyre that Drs. Ryan, Poirier, and Hanf may be dismissed from this action unless by March 8, 2018, he submitted proof showing these defendants were served before the before the 90-day deadline or provided good cause why service was not made within the time limit. His Response (ECF No. 15) indicates he incorrectly mailed the three USM-285 forms to the court months earlier rather than the USM,[3] and he would correct his mistake. Approximately one month later, summons were returned unexecuted for Dr. Hanf only. ECF No. 16. Notice of the summons returned unexecuted was served on McIntyre via the U.S. Postal Service, but he never filed a motion seeking an extension of time for service or requesting another manner of service. The record therefore shows that McIntyre failed to provide the USM with reliable information to serve Dr. Hanf, and he failed to provide any information at all to serve Drs. Ryan or Poirier. He then allowed his case to languish for another seven months. His inaction is not show good cause for his failure to comply with the Service Order or 4(m) Notice.

Furthermore, McIntyre's failure to complete service cannot be blamed on the USM. The record shows that McIntyre failed to provide the USM with information sufficient to serve Drs. Ryan, Poirier, and Hanf. The Attorney General first informed McIntyre and the court in September 2017 that it had no address information for Drs. Ryan or Poirier. *See* Notice (ECF No. 9). The Attorney General also informed McIntyre that its correspondence to Dr. Hanf was returned undeliverable. *Id*. Thus, McIntyre was on notice prior to entry of the Service Order, and the sealed submission of Dr. Hanf's last known address, that the Attorney General was unlikely to possess

---

[3] The court's docket does not support his assertion. Rule 79 requires the Clerk of Court to keep an official record known as the "docket." The docket is maintained electronically and it contains a copy of all documents submitted to the clerk and then filed in legal actions or proceedings. LR IC 1-1(e). Rule 79 requires the clerk to enter each item chronologically in the docket. There is no docket entry in November 2017 from McIntyre.

7

sufficient information to accomplish service. After attempting service at the last known address submitted under seal, the USM returned summons unexecuted for Dr. Hanf. ECF No. 16. There is no record of a service attempt for Drs. Ryan or Poirier. The court recently inquired of the USM regarding whether McIntyre submitted USM-285 forms for Drs. Ryan or Poirier after filing his response to the 4(m) Notice. The USM reports that it never received USM-285 forms from McIntyre for Drs. Ryan or Poirier. Ultimately, it was Mr. McIntyre's responsibility to provide the USM with the information necessary to complete personal service upon these defendants. He did not do so.

McIntyre's current request for service waiver is not relief the court may enter. Rule 4(d) allows a plaintiff to notify a defendant that an action has been commenced and request that the defendant waive service of summons. A defendant subject to service under Rule 4(e) or (h) has a duty to avoid unnecessary expenses of serving summons. However, the court may not waive service of summons for a defendant. Without proper service to Drs. Ryan, Poirier, and Hanf, the court lacks personal jurisdiction over the defendants. *Crowley*, 734 F.3d at 974–75. McIntyre does not indicate what methods he has used to attempt to discover the defendants' residences or places of work. He merely makes a conclusory statement that he has been unable to complete service because of the confidentiality of their addresses. As explained, he has not followed the court's orders or basic instructions or demonstrated any effort to determine information to complete service. McIntyre does not indicate what assistance he seeks from this court. More importantly his request was made nine months after the expiration of the service deadline.

Finally, Mr. McIntyre attaches a certified mail receipt to the law firm of Alverson Taylor Mortensen and Sanders, who he claims is counsel for Naphcare. It is not clear from the complaint whether any of the three defendant doctors is or was employed by Naphcare. However, Naphcare is not a defendant since it was dismissed with prejudice in the Screening Order (ECF No. 14). Even if Naphcare was a party to this action and/or it employed one or more of the defendants, it is not ordinarily authorized to accept service for its employees. An employer is not an agent authorized by law to accept service for an employee who is a defendant in a pending legal action.[4]

---

[4] *See, e.g.*, *Gottschalk*, 964 F. Supp. 2d at 1165 (service on individual defendants was defective where

8

Furthermore, corporate defendants may not be served by certified mail under both federal and Nevada law.[5]

For the reasons explained, the court recommends that plaintiff's complaint be dismissed without prejudice. *2,164 Watches*, 366 F.3d at 772; *Walker*, 14 F.3d at 1422. Accordingly,

**IT IS RECOMMENDED that:**

1. Plaintiff Dwight McIntyre's case be **DISMISSED without prejudice** based on Mr. McIntyre's failure to comply with the Federal Rules of Civil Procedure and the court's orders regarding service of defendants Frank Ryan, Brian Poirier, and Ted Hanf.

2. The Clerk of the Court be instructed to close this case and enter judgment.

Dated this 19th day of October 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of

---

plaintiff left a copy of the summons and complaint with a manager at the defendants' workplaces); *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (no employee at a bank branch was authorized as an agent of four bank executives to accept service on their behalf).

[5] *See, e.g.*, *Cabrera v. Las Vegas Metro. Police Dep't*, 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *3 (D. Nev. Nov. 21, 2014) ("The Nevada Rules of Civil Procedure generally do not allow for service by mail to Nevada corporations; service must be made to the corporation's registered agent or to any officer of the corporation." (citing Nev. R. Civ. P. 4(d)(1)); *Miller v. MERSCORP Inc.*, No. 2:11-cv-00987-GMN-CWH, 2011 WL 6097751, at *2 (D. Nev. Dec. 5, 2011) ("Plaintiff's service by certified mail is not sufficient to meet the requirements of NRS 14.020 or NRS 14.030.").

9

Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.