UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWIGHT MCINTYRE, | Case No. 2:16-CV-2107 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| NAPHCARE, INC., et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"). (ECF No. 18). No objections have been filed and the time to do so has passed.

Judge Leen recommends dismissing the instant action for *pro se* plaintiff Dwight McIntyre's failure to comply with the Federal Rules of Civil Procedure and the court's order regarding service of defendants Frank Ryan, Brian Poirier, and Ted Hanf. *Id.* at 1 (referring to ECF No. 10).

The court screened plaintiff's complaint and found that it stated one plausible claim for deliberate indifference to serious medical need in violation of the Eighth Amendment against defendants Drs. Frank Ryan, Brian Poirier, and Ted Hanf. (ECF No. 4). The attorney general was ordered to send letters to Drs. Ryan, Poirier, and Hanf at their last known addresses. (ECF No. 6). The attorney general attempted to send a letter to Dr. Hanf, but it was returned as non-deliverable. (ECF No. 9). He also attempted to find Drs. Ryan and Poirier but was informed that neither of the doctors had a current or former employment relationship with the NDOC. *Id.*

The court then entered a service order, ordering that "service must be perfected within ninety (90) days from the date of this order." (ECF No. 10). Plaintiff was provided with three USM-285 forms and was told to mail the USM the required forms with the relevant information

to each defendant. *Id.* Plaintiff was specifically ordered that if any service attempt was unsuccessful and he wished to have service attempted again on an unserved defendant, "then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s)." *Id.*

Plaintiff did not file timely proof of service and the clerk's office issued a standard notice of intent to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 14). Plaintiff filed a response stating that he incorrectly mailed the forms to the court instead of the USM[1]. (ECF No. 15)

Rule 4 states that a defendant must be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). However, the court is required to extend the time for service is a plaintiff shows good cause for the failure to timely serve. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000). "Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1011 (D. Haw 2013) (quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)). An incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint only when he has provided the USM with accurate and adequate information to complete service. *Puett v. Blanford*, 912 F. 2d 270, 275 (9th Cir. 1990).

Plaintiff has not completed service of the summons and complaint on defendants Ryan, Poirier, or Hanf as required by Rule 4(m) and the service order (ECF No. 10). Plaintiff's response does not show good cause as to why service has not been completed. Plaintiff allowed the case to remain dormant for 111 days after the service order. Once the 4(m) notice was entered, plaintiff then said he incorrectly mailed the forms. Plaintiff attempted to correct his mistake, but summons was returned unexecuted for Dr. Hanf. (ECF No. 16). Service was not attempted for Drs. Ryan and Poirier. The case then went dormant again for seven more months, until plaintiff filed a request for waiver of service form. (ECF No. 17). Plaintiff never filed a motion seeking an extension of time for service or requesting another manner of service.

---

[1] The court docket report does not support plaintiff's claims.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Additionally, plaintiff's failure to complete service cannot be blamed on the USM. The record shows that plaintiff failed to provide the USM with reliable information to serve Dr. Hanf, and he failed to provide the USM with any information to serve Drs. Ryan or Poirier.

Finally, plaintiff's service waiver request is not relief that the court may enter. Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–975 (9th Cir. 2013). Without proper service to Drs. Ryan, Poirier, and Hanf, the court lacks personal jurisdiction over the defendants and cannot grant plaintiff's request.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court conducted a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and attendant circumstances, this court finds good cause appears to adopt the magistrate judge's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Leen's R&R (ECF No. 18) be, and the same hereby is, ADOPTED.

James C. Mahan
U.S. District Judge

1    IT IS FURTHER ORDERED that plaintiff's complaint is hereby DISMISSED without
2  prejudice.
3    The clerk is instructed to enter judgment and close the case accordingly.
4    DATED March 16, 2020.

_____
UNITED STATES DISTRICT JUDGE